(Reap. Dec. 8188)

UNITED STATES *v.* KAUFMAN TRADING CORP.

Entry No. 149.

(Decided December 11, 1952)

*Charles J. Wagner*, Acting Assistant Attorney General (*Arthur R. Martoccia*, special attorney), for the plaintiff.

*Harry V. Meissner* for the defendant.

MOLLISON, Judge: This is an appeal, initiated by the collector of customs at the port of Milwaukee, for reappraisement of the values of certain first and second quality wet salted calfskins imported from Holland.

The facts of the case do not appear to be in dispute and show that the merchandise originated in Poland, from whence it was shipped to Rotterdam, The Netherlands. In Rotterdam, the bales of skins were opened, sorted, inspected, and assembled for shipment to the United States. The merchandise was entered at the invoiced values less certain charges described on the invoice, one of which was an item of the cost of freight from Poland to Rotterdam.

The unit values of the merchandise were advanced by the appraiser, but he allowed as a nondutiable charge the item of freight from Poland to Rotterdam. Although the basis of value upon which the merchandise was entered and appraised is nowhere stated, nevertheless, from the fact that the appraised values include a home market tax of one-half of 1 percent, it would appear that appraisement was made on the basis of foreign value, which is defined in section 402 (c), as amended, of the Tariff Act of 1930.

When the case was called for trial, it was conceded by importer's attorney that the item of freight from Poland to Rotterdam was properly a part of the value of the merchandise for duty purposes.

On this record, I find foreign value, as that value is defined in section 402 (c), as amended, of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such value for each quality was the appraised value, plus the cost of freight from Poland to Rotterdam, as invoiced.

Judgment will be rendered accordingly.